1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID FLORES GARCIA, | ) | 1:09-CV-00539 LJO GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| v. | ) | |
| | ) | [Doc. #10] |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by plea of no contest on March 30, 2006, to vehicle theft with a prior and escape by force and violence. (LD 1.[1]) On April 28, 2006, he was sentenced to serve a determinate term of 16 years in state prison. (LD 1.) He did not appeal the judgment.

Petitioner filed four post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

[1]"LD" refers to the documents lodged by Respondent with his motion to dismiss.

1.   Kings County Superior Court
     Filed: February 10, 2005[2];
     Denied: February 22, 2005;

2.   Kings County Superior Court
     Filed: May 22, 2007;
     Denied: July 9, 2007;

3.   California Court of Appeals, Fifth Appellate District
     Filed: August 2, 2007;
     Denied: November 15, 2007;

4.   California Supreme Court
     Filed: December 7, 2007;
     Denied: May 21, 2008.

(LD 2-9.)

On March 23, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. On July 2, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not oppose the motion.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

---

[2]Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their receipt by the court clerk.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

1   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

2   one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

3   standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

4   and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

5   dismiss pursuant to its authority under Rule 4.

6   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

7   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

8   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

9   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

10  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

11  586 (1997).

12  In this case, the petition was filed on March 23, 2009, and therefore, it is subject to the

13  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

14  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

15  § 2244, subdivision (d) reads:

16      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
17      limitation period shall run from the latest of –

18          (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
19
            (B) the date on which the impediment to filing an application created by
20      State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
21
            (C) the date on which the constitutional right asserted was initially recognized by
22      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
23
            (D) the date on which the factual predicate of the claim or claims presented
24      could have been discovered through the exercise of due diligence.

25      (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending shall
26      not be counted toward any period of limitation under this subsection.

27  28 U.S.C. § 2244(d).

28  In most cases, the limitations period begins running on the date that the petitioner's direct

1  review became final. Here, judgment was rendered on April 28, 2006, and Petitioner did not file an

2  appeal.  Pursuant to Rule 8.308 of the California Rules of Court, Petitioner had sixty (60) days in

3  which to file a notice of appeal.  Accordingly, his direct review concluded on June 27, 2006, when

4  the sixty-day period for filing a notice of appeal expired.  Thus, Petitioner had one year until June 27,

5  2007, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251

6  F.3d 1243, 1245 (9th Cir.2001). However, Petitioner delayed filing the instant petition until

7  March 23, 2009, nearly 21 months beyond the due date.  Absent any applicable tolling, the instant

8  petition is barred by the statute of limitations.

9  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

11  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

12  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

13  Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

14  properly pursuing post-conviction relief, and the period is tolled during the intervals between one

15  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

16  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

17  1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

18  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

19  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

20  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

21  the federal courts to have been untimely in state court will not satisfy the requirements for statutory

22  tolling. Id.

23        In this case, the statute of limitations began to run on June 28, 2006.  Petitioner filed his first

24  state habeas petition in 2005 but that petition had already concluded by the time the limitations

25  period had commenced. Therefore, it had no tolling consequences.  As to the remaining state

26  petitions, Respondent does not argue that they were improperly filed. Therefore, Petitioner is entitled

27  to tolling during the pendency of these actions, to wit, from May 22, 2007, through May 21, 2008.

28  By May 22, 2007, 328 days of the limitations period had expired. With 37 days remaining (365 - 328

1  = 37), the statute of limitations expired on June 28, 2008. Petitioner's federal petition was not filed

2  until March 23, 2009. It is therefore untimely by nearly nine months.

3  D.  Equitable Tolling

4      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

5  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

7  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

8  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

9  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

10  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

11  (9th Cir.1993). In this case, the Court finds no reason to equitably toll the limitations period. Thus,

12  the instant petition remains untimely.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**RECOMMENDATION**

2     Accordingly, the Court hereby RECOMMENDS that Respondent's motion to dismiss be

3 GRANTED, and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE for

4 violating the statute of limitations.

5     These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill,

6 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

7 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

8 California.

9     Within thirty (30) days after being served with a copy, any party may file written objections

10 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

11 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

12 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

13 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

14 parties are advised that failure to file objections within the specified time may waive the right to

15 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16

17     IT IS SO ORDERED.

18  **Dated:   August 26, 2009**                     **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28